862 P.2d 457

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Kenneth BOURLAND, Defendant–Appellant.**

**No. 14409.**

Court of Appeals of New Mexico.

Sept. 8, 1993.

Certiorari Denied Oct. 26, 1993.

**350**

Tom Udall, Atty. Gen., Mary Catherine McCulloch, Daniel F. Haft, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

PICKARD, Judge.

This case comes to us on appeal from the district court after Defendant was convicted of battery on a peace officer following a jury trial. The issue requiring the most attention is whether the district court erred in refusing to enforce a negotiated plea which had been withdrawn by the prosecutor. The remedy Defendant seeks is for this Court to compel the prosecutor to submit the plea bargain to the district court. For the reasons discussed hereinafter, we hold that the district court did not err, and because the two other issues raised by Defendant may be summarily decided adversely to Defendant, the judgment and sentence are affirmed.

### PLEA BARGAIN

██ Defendant was offered a plea bargain by the district attorney's office on August 3, 1992. The conditions of the offer were that Defendant would plead to the charge contained in the information with one prior felony conviction and be sentenced to an effective sentence of eighteen months. Defendant asserts that he accept-ed this bargain, and for the purpose of this opinion we accept that fact. The prosecutor withdrew the offer in a letter dated August 24, 1992, because he discovered additional felony convictions. The police and Defendant had reports on all of Defendant's past felonies, and it appears as though the prosecutor should have known about them at the time he made the original plea offer. It is not argued that Defendant detrimentally relied upon the offer; nor is there any evidence that the prosecutor deliberately attempted to deceive Defendant for any reason.

"Plea negotiations between defendant and the state must be governed by fair play on both sides." *State v. Taylor*, 107 N.M. 66, 71, 752 P.2d 781, 786 (1988), *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 731, 779 P.2d 99, 108 (1989). Neither this Court nor the Supreme Court has been faced with the exact fact situation presented in this case from which to determine what fair play is. However, the majority of jurisdictions favor the position that, ordinarily, a state's breach requires only that the defendant be returned to his earlier position. *State v. Smith*, 110 N.M. 534, 536, 797 P.2d 984, 986 (Ct.App.), *cert. denied*, 110 N.M. 533, 797 P.2d 983 (1990). Defendants not detrimentally relying on a plea bargain can be returned to their original position by withdrawing their plea. *See* Annotation, *Right of Prosecutor to Withdraw from Plea Bargain Prior to Entry of Plea*, 16 A.L.R.4th 1089 (1982 & Supp.1992); *United States v. Gonzalez*, 918 F.2d 1129, 1133–34 (3d Cir.1990), *cert. denied*, 499 U.S. 982, 111 S.Ct. 1637, 113 L.Ed.2d 733 (1991); *Government of the Virgin Islands v. Scotland*, 614 F.2d 360, 365 (3d Cir.1980). A jury trial is a sufficient remedy for a defendant who has not relied on a breached plea offer. *Scotland*, 614 F.2d at 365. "There is no rational basis for holding, in essence, that a trial is sufficient for the defendant who has not been offered a plea and insufficient for the one who has." *Id.*

Contract principles have been invoked in the plea bargain area for the purpose of analogy; however, because plea bargains

involve the integrity of the criminal justice system and thus involve a third party (the court), neither the government nor the defendant should rely on the bargain until the court has approved it. *United States v. McGovern*, 822 F.2d 739, 743–44 (8th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987); *United States v. Ocanas*, 628 F.2d 353, 358 (5th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981). *But see Cooper v. United States*, 594 F.2d 12, 19 (4th Cir. 1979) (relying on a view of due process found unpersuasive in other circuits, *see Scotland*, 614 F.2d at 363–65, and repudiated by the United States Supreme Court in *Mabry v. Johnson*, 467 U.S. 504, 507–08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984)).

The need for certainty in plea bargaining was found to be more important than court acceptance of the plea in one minority case. *Ex Parte Yarber*, 437 So.2d 1330, 1335 (Ala.1983). The *Yarber* court was persuaded that defendants would be more likely to come to grips with the difficult decision of whether to agree to the plea if they know it will not be withdrawn. The court also stressed the importance of plea bargains to the entire judicial system. *Id.*

We agree with the *Yarber* court's proposition that plea bargains are very important to judicial efficiency and the administration of justice. *See State v. Trujillo*, 93 N.M. 724, 727, 605 P.2d 232, 235 (1980) (guilty pleas are an essential part of the New Mexico criminal justice system); *State v. Baca*, 101 N.M. 415, 417, 683 P.2d 970, 972 (Ct.App.1984) (public policy favors promotion of plea bargaining). However, we disagree that the certainty gained in forcing prosecutors to abide by their initial offers will meet those goals. Instead, prosecutors are likely to refrain from making plea offers until the last possible moment, when they are fully prepared for trial and fully aware of all variables. This would greatly reduce the advantages of swift administration of justice and efficiency for all parties that make plea bargains desirable in the first place. *See Scotland*, 614 F.2d at 364.

Defendant contends that the prosecutor was guilty of oversight or neglect when he offered the original plea bargain without taking into consideration all of Defendant's prior felonies. Defendant theorizes that the prosecutor did not look at the file until after he proposed the original plea bargain. Even if that is true, perhaps a mistake was made, but absent any evidence of detrimental reliance or the prosecutor's seeking to take unfair advantage, we fail to see how this Defendant was prejudiced. Nor do we see as a practical matter how holding prosecutors to a mistake-free standard will further the interests of justice. We are not ruling that prosecutors may withdraw their offers in order to disadvantage defendants. *See Ocanas*, 628 F.2d at 358. Instead, we are ruling that a mistake by the prosecutor without detrimental reliance by Defendant is not unfair play under *Taylor.*

## SUMMARY ISSUES

Defendant alleges that the police failed to disclose a tape recording of his arrest and the district court erred in not granting a mistrial for that failure. However, there is conflicting evidence as to whether the tape existed. Although there was an indication at trial that audio tapes of arrests are sometimes made, the arresting officer in this instance testified that he made no recording of Defendant's arrest and that if he had, the tape would have been logged into evidence. Accordingly, it was for the district court to resolve the conflict. *See State v. Anderson*, 107 N.M. 165, 168, 754 P.2d 542, 545 (Ct.App.1988). In ruling in part that the tape did not exist, the district court resolved the conflict against Defendant, and we will not reverse under these circumstances. *See id.*

Defendant also claims that the district court erred in denying his motion for mistrial based on the prosecutor's commenting on Defendant's exercise of his Fifth Amendment rights. In the rebuttal portion of closing argument, the prosecutor stated: "We were not there. I wasn't there. You weren't there. The defendant was there. Richard Voss was there. Rick Bailey was there. And Gilbert Quiones was there. And they told you...."

The test for determining whether an accused's constitutional right against self-incrimination has been violated by a prosecutor's comment is whether the prosecutor's language directly called the jury's attention to the defendant's failure to testify, or whether the language was such that a jury would naturally and necessarily assume the remarks to be a comment on the accused's failure to become a witness.

*State v. Calvillo,* 110 N.M. 114, 119, 792 P.2d 1157, 1162 (Ct.App.), *cert. denied,* 110 N.M. 72, 792 P.2d 49 (1990). We do not view the comment as directly calling the jury's attention to Defendant's failure to testify nor do we construe the comment as one that a jury would naturally and necessarily assume was a comment on Defendant's failure to testify. *See id.; see also State v. Chamberlain,* 112 N.M. 723, 729–30, 819 P.2d 673, 679–80 (1991); *State v. Aguirre,* 84 N.M. 376, 382, 503 P.2d 1154, 1160 (1972). Rather, we construe the comment as an inartful introduction to the prosecutor's discussion of the witnesses' testimony and how the jurors have to rely on that testimony because the jurors were not at the crime scene. Therefore, we do not find any error.

CONCLUSION

Defendant's conviction and sentence are affirmed.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.