This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. A-1-CA-36499**

**MICHAEL LUCERO,**

Defendant-Appellee,

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
William A. O'Connell
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     The State appeals from the district court's order dismissing the charges against Defendant Michael Lucero with prejudice. We issued a notice of proposed summary

disposition proposing to reverse and remand. Defendant has filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore reverse and remand this case to the district court for the reasons set forth below.

**Background**

{2}      At Defendant's trial on charges of burglary and criminal damage to property, it became apparent during cross-examination of the State's witness, Cuba, New Mexico Police Department Chief Joe Chavez, that an audio recording of Defendant's third interview with police had not been turned over to the defense in discovery. [MIO 5] *See* Rule 5-501(A)(1) NMRA (stating that within ten days after arraignment the State shall disclose "any statement made by the defendant, . . . within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney"). There was a disagreement between Officer Chavez and the prosecutor about whether the recording had been turned over to the district attorney's office. [RP 73] Defendant then moved for a mistrial, which the district court granted. [MIO 5-6-7; RP 73-74] In its order granting the mistrial, the district court found that Defendant had not been provided with discovery in accordance with the rules of criminal procedure, and it dismissed all charges against Defendant with prejudice. [RP 73-74]

{3} We review the district court's imposition of sanctions for an abuse of discretion. *See State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. District courts have broad discretionary authority to determine what sanction to impose for a violation of a discovery order. *Id.* ¶ 22. However, our Supreme Court has provided guidelines for district courts to follow in assessing what sanctions to impose. In *Le Mier*, our Supreme Court considered the district court's exclusion of a witness as a sanction for the State's failure to provide discovery in accordance with the district court's orders. While recognizing the district court's discretionary authority to fashion an appropriate remedy, the Court stated that district courts are required to assess: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Id.* ¶ 15; *State v. Harper*, 2011-NMSC-044, ¶ 15, 150 N.M. 745, 266 P.3d 25. The Supreme Court further stated that district courts "must explain their decision to exclude or not to exclude a witness within the framework articulated in Harper[.]" *Le Mier*, 2017-NMSC-017, ¶ 20.

{4} *Le Mier* addresses situations in which the district courts excluded witnesses as a sanction, not the dismissal of the charges with prejudice as occurred in this case. However, "both dismissal and witness exclusion constitute 'extreme' sanctions." *State v. Lewis*, 2018-NMCA-019, ¶ 8, 413 P.3d 484; *see also Harper*, 2011-NMSC-044, ¶¶ 16, 21 (cautioning that the exclusion of witnesses and outright dismissal are severe

3

sanctions and should only be imposed in the most exceptional cases). Therefore, we apply the *Harper* and *Le Mier* analysis to review the district court's action in this case. *See Lewis*, 2018-NMCA-019, ¶ 8 (applying the *Harper* and *Le Mier* considerations to review the district court's imposition of the extreme sanction of dismissal of criminal charges as a sanction for a discovery violation).

{5}     As an initial matter, we perceive no error in the district court's decision to declare a mistrial under the circumstances. We only review the district court's decision to dismiss the charges with prejudice as a sanction for the discovery violation. We remain of the opinion that the record and the district court's order are not sufficient to demonstrate that the district court considered or weighed the relevant factors before dismissing the charges with prejudice.

{6}     With respect to the first *Harper* factor, the culpability of the offending party, the district court's order merely notes that Defendant was not provided with discovery in accordance with the rules of criminal procedure. [RP 73] However, the order does not demonstrate that the district court made any fact specific inquiry into the degree of the State's culpability. [RP 73-74] Defendant responds in his memorandum in opposition that the fact that the recording was always in the hands of either the prosecutor or the police demonstrates the State's culpability, and we agree. [MIO 10] *See Le Mier*, 2017-NMSC-017, ¶ 24 (acknowledging a rebuttable presumption of

4

culpability when a discovery order is violated). However, a discovery violation by the State does not necessarily involve bad faith or intransigence, which is what the district court is required to assess in determining an appropriate sanction. "It is through this consideration of degree that bad faith or intransigence now factors into a district court's calculation of appropriate sanctions." *Lewis*, 2018-NMCA-019, ¶ 13 (recognizing that the degree of culpability is a fact specific inquiry that considers bad faith or intransigence in assessing sanctions against a party).

{7}     With respect to prejudice, the second factor, *Le Mier* explains that any discovery violation involves some amount of prejudice to the defendant. *See Le Mier*, 2017-NMSC-017, ¶ 25 ("When a court orders a party to provide discovery within a given time frame, failure to comply with that order causes prejudice both to the opposing party and to the court."); *see also Lewis*, 2018-NMCA-019, ¶ 14 (noting that, under *Le Mier*, every discovery violation results in some level of prejudice). Additionally, the discovery violation in this case was not discovered until the middle of trial. Some amount of delay would therefore necessarily result while the State complied or attempted to comply with its discovery obligation. However, there is no indication in the record or the district court's order that it considered prejudice before imposing the extreme sanction of dismissal with prejudice. In his memorandum in opposition, Defendant states that he argued to the district court that he was prejudiced

by the absence of the recording because he had no way to cross-examine Officer Chavez to show that his recollection of the statement was false or inaccurate. [MIO 5-6] We agree that Defendant's argument as to the prejudice resulting from the discovery violation would be appropriate for the district court to consider in applying the *Harper* factors. However, the record does not reflect that the district court engaged in this consideration. *See Lewis*, 2018-NMCA-019, ¶ 16 (reversing and remanding the district court's dismissal of criminal charges where there was no indication in the record that the district court considered prejudice).

{8}    Finally, there is no indication that the district court considered lesser sanctions before dismissing with prejudice. *See Le Mier*, 2017-NMSC-017, ¶ 27 (noting that the district court is not required to consider every conceivable lesser sanction, but is required to fashion the least severe sanction that it feels fits the situation and achieves the desired result). In our notice of proposed summary disposition, we referred to the docketing statement's assertion that the district court did not hear from either party before imposing the sanction. In his memorandum in opposition, Defendant states that the district court did hear from both the State and defense before dismissing the charges with prejudice. Defendant argues that this constitutes a factual dispute requiring assigning this case to the general calendar. [MIO 2] We disagree, however, as we will accept Defendant's statement that the district court heard from the parties

6

before dismissing the case with prejudice as true. The problem remains that the record does not reflect that the district court considered lesser sanctions. "*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record." *Lewis*, 2018-NMCA-019,¶ 12.

**{9}** Defendant argues that the district court considered a less extreme remedy when it offered to recess the trial so that the State could turn over the recording for review. Defendant asserts that the district court was then met with intransigence because the prosecutor and police chief did not agree about whether the recording had been handed over. [MIO 11] We question whether a disagreement between the police and the prosecutor about whether an item of discovery has been turned over, on its face, amounts to intransigence. Regardless, the record itself does not support Defendant's characterization of the district court as having initially offered a less extreme remedy only to be rebuffed by the actions of the State. Speculation as to why the district court chose to impose dismissal with prejudice does not substitute for an adequately developed record. Accordingly, we cannot agree that the record shows a consideration of lesser sanctions. *See Lewis*, 2018-NMCA-019,¶ 15 (determining that the record was insufficient to allow for appellate review where there was no discussion by the district court on the record regarding the availability of alternative sanctions and there

was no explanation of its decision to impose the extreme sanction of dismissal with prejudice over lesser sanctions).

{10} As a final matter, we note that, although Officer Chavez testified that a recording had been made and handed over to the prosecutor, the district court did not make any finding or resolve any conflict regarding the location and the availability of the recording before dismissing the charges with prejudice. *See generally State v. Bourland*, 1993-NMCA-117, ¶ 8, 116 N.M. 349, 862 P.2d 457 (observing that it was for the district court to determine whether a recording existed where there was a conflict in the evidence).

{11} For these reasons, we continue to believe that the record is insufficient to support the dismissal of charges with prejudice at this time, and we therefore reverse and remand to the district court. *See Lewis*, 2018-NMCA-019, ¶ 18 (reversing the district court's dismissal of criminal charges with prejudice and remanding for development of a record where the record was not adequate to determine whether the district court abused its discretion in dismissing because the record did not show that the district court considered the factors set out in *Harper* and *Le Mier*). In remanding this case to the district court, we express no opinion as to the propriety of dismissal with prejudice as a sanction under the circumstances. We merely hold that the record

has not been adequately developed as required by *Le Mier*, and we therefore remand for further proceedings.

{12}    **IT IS SO ORDERED**.


_____
**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**HENRY M. BOHNHOFF, Judge**