The slip opinion is the first version of an opinion released by the Clerk of the Court of Appeals. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Clerk of the Court for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: <u>May 28, 2024</u>

**No. A-1-CA-40909**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellant,

v.

**CESAR ALFREDO JURADO,**

  Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**David A. Murphy, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**YOHALEM, Judge.**

{1}     This case, like our recently published opinion in *State v. Ornelas*, ___-NMCA-___, ___ P.3d ___ (A-1-CA-40501, May 14, 2024), is an appeal by the State from an order of the district court specifically enforcing a plea agreement the State sought to withdraw prior to its acceptance by the district court. The district court agreed with Defendant Cesar Alfredo Jurado that the State had promised him a plea and a specific sentence in return for his waiver of his constitutional right to a preliminary hearing. *See* N.M. Const. art. II, § 14. Finding that Defendant was induced by the State's promise of a specific plea to waive his right to a preliminary hearing, the district court held that the plea agreement was binding and enforceable and the State could not avoid its obligations by filing a nolle prosequi and a new criminal information. The district court also rejected the State's alternative claim that the plea agreement is void because Defendant failed to comply with what the State claimed was a material provision of the agreement: a requirement that his counsel file the plea paperwork within thirty or at most forty-five days from the date of the plea agreement. The district court concluded that Defendant would not have reasonably understood the plea agreement to be conditioned on his defense counsel meeting those time limits and enforced the plea agreement as understood by Defendant. We agree with the district court and affirm.

**BACKGROUND**

{2}     On April 9, 2022, Albuquerque Police Department officers found Defendant asleep in his vehicle under the influence of narcotics. The officers seized 152 fentanyl pills from Defendant's vehicle and arrested Defendant. The next day, a criminal information was filed in metropolitan court charging Defendant with possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2021), a fourth degree felony.

{3}     On May 25, 2022, Defendant appeared for a preliminary hearing in metropolitan court and, with the advice of a public defender temporarily assigned to represent him in metropolitan court, agreed to waive his right to a preliminary hearing and to plead guilty in district court to felony possession of a controlled substance. The State agreed to that plea and to a guaranteed specific sentence of eighteen months of probation, to run concurrently with Defendant's sentence in another pending proceeding, as well as Defendant's admission of one prior felony conviction, which the State agreed to hold in abeyance at initial sentencing.

{4}     Below its substantive terms, the plea agreement included two paragraphs entitled, "Other terms." Paragraph five, on the first page of the plea agreement, stated that "[t]he above offer shall remain open for a period of [thirty] days." On the following page, the last sentence of paragraph six stated that "[t]his offer will remain

open for forty-five (45) calendar days from the filing of this [w]aiver absent an express written decision by the State to extend the deadline."

{5}     At all relevant times, Defendant was in custody at the Metropolitan Detention Center (MDC) for violating his conditions of release in an earlier case. According to Defendant, MDC had declared a state of emergency due to the COVID-19 pandemic. Visits from counsel were restricted, creating "extreme difficulties" in communication between defendants and defense counsel. Although Defendant was temporarily represented by a public defender assigned to metropolitan court in accepting the State's plea agreement, no public defender entered an appearance in district court on Defendant's behalf until June 27, 2022, thirty-three days after Defendant agreed to the waiver of his preliminary hearing in return for the State's agreement to a plea.

{6}     On July 12, 2022, forty-nine calendar days after the waiver and plea agreement was filed in the metropolitan court, defense counsel emailed the prosecutor to request the plea paperwork so that he could review it with Defendant. Defense counsel explained that the public defender's office was having great difficulty communicating with clients held at MDC due to limitations imposed by the facility during the COVID-19 pandemic, and he was arranging for Defendant to be transported to his office to review the plea paperwork. The prosecutor responded that the State planned to dismiss this case because it was "incorrectly charged." The

next day, July 13, 2022, the State filed a nolle prosequi, together with a criminal information in district court, opening a new case charging Defendant with a greater offense—trafficking (by possession with intent to distribute) (2nd offense), contrary to NMSA 1978, Section 30-31-20 (2006).

{7}    Defendant filed a motion to specifically enforce the plea agreement, arguing that the plea agreement was binding because the State had induced him to agree to waive his right to a preliminary hearing by offering a specific plea and sentence, and that he had fulfilled his agreement to waive the hearing. Defense counsel cited to New Mexico law holding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *State v. King*, 2015-NMSC-030, ¶ 16, 357 P.3d 949 (internal quotation marks and citation omitted).

{8}    The State responded, arguing that the plea agreement provided "a deadline of thirty days following the filing of the waiver for that offer." Because Defendant did not accept the plea until after the thirty-day deadline listed in paragraph five, the State claimed that it was "not bound to this plea."

{9}    In considering Defendant's motion to enforce the plea agreement, the district court heard argument on the circumstances surrounding Defendant's waiver of a preliminary hearing and agreement to a plea. The district court concluded that Defendant reasonably understood the State to be bound to the terms of the plea

agreement in return for his waiver of a preliminary hearing, and would not have anticipated that a delay by the public defender's office in entering an appearance on his behalf and initiating the plea paperwork would deprive him of the plea promised by the State. On this basis, the district court granted Defendant's motion to specifically enforce the plea agreement.

**DISCUSSION**

{10}     The State appeals the district court's order enforcing the plea agreement. The State first contends that it can withdraw from a plea agreement that has not yet been approved by the district court in the exercise of its prosecutorial discretion. Although acknowledging that a plea agreement is enforceable by a defendant when the defendant has relied on the agreement to their detriment, the State argues that Defendant did not suffer any detriment when he waived his right to a preliminary hearing because the State's nolle prosequi dismissed that charge, and the criminal information charging drug trafficking began a new case where Defendant has a right to a preliminary hearing, putting Defendant back to the position he would have been in had there been no plea agreement. Alternatively, the State argues that, even if the plea agreement it entered with Defendant was enforceable, Defendant breached the

agreement by failing to timely seek the plea paperwork from the State,[1] relieving the State of any obligation to fulfill its promise.

{11}    We do not agree. When the state promises a specific plea in exchange for a defendant relinquishing a right or cooperating with the state pre-plea, the plea agreement is specifically enforceable if the defendant relinquishes the right or performs their part of the bargain with the state. The filing of a nolle prosequi does not relieve the State of its obligation to fulfill its promise to Defendant. Concluding that Defendant did not reasonably understand the plea agreement to be conditioned on his counsel's filing of plea paperwork within thirty to forty-five days, and therefore, there was no breach of the agreement, we affirm the district court's order specifically enforcing the plea agreement.

**I.     The State's Promise of a Specific Plea in Return for Defendant's Waiver of a Constitutional Right to Preliminary Hearing Is Enforceable**

{12}    Although a plea bargain not yet accepted by the district court is often described in contract terms as an offer that can be withdrawn at any time without depriving the defendant "of liberty or any other constitutionally protected interest,"

---

[1]The State argues, for the first time on appeal, that Defendant's plea of "not guilty" at arraignment breached the plea agreement. The State did not argue in the district court that what appears to be a pro forma initial plea entered at arraignment to preserve Defendant's rights, with Defendant present only by zoom video conference, violated the terms of the agreement. We, therefore, will not consider this argument. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (explaining that generally a reviewing court will not consider issues not raised in the district court).

*Mabry v. Johnson*, 467 U.S. 504, 507 (1984), the United States Supreme Court, our Supreme Court, and this Court have all acknowledged that a plea bargain has due process implications that require "fairness in securing agreement between an accused and a prosecutor." *Id.* at 509 (internal quotation marks and citation omitted); *accord State v. Bourland*, 1993-NMCA-117, ¶ 3, 116 N.M. 349, 862 P.2d 457 ("'Plea negotiations between [the] defendant and the state must be governed by fair play on both sides.'" (quoting *State v. Taylor*, 1988-NMSC-023, ¶ 23, 107 N.M. 66, 752 P.2d 781, *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, ¶ 28, 108 N.M. 722, 779 P.2d 99)).

{13} While the State correctly recognizes the detrimental reliance exception to its analysis of a plea bargain as an offer or executory agreement, the State fails to acknowledge and apply the legal principle underlying the detrimental reliance exception: The state must fulfill a promise it makes to a defendant to induce that defendant to take some action. When a defendant fulfills their promise, the state must fulfill its promise as well. *See Santobello v. New York*, 404 U.S. 257, 262 (1971).

{14} This holding in *Santobello* has been applied by our Supreme Court in *King*, 2015-NMSC-030, ¶ 16, to enforce a plea agreement much like the agreement at issue here. *See Santobello*, 404 U.S. at 262. The defendant in *King* offered to find and turn over a weapon he used to commit a crime if the state agreed to dismiss a tampering with the evidence charge. Our Supreme Court construed the defendant's offer as a

proposal to the state to enter into a plea agreement. *King*, 2015-NMSC-030, ¶¶ 13-14, 18. When the prosecutor responded in a manner that "led [the d]efendant reasonably to understand that they had an agreement," and the defendant produced the weapon, complying with his part of the agreement and incriminating himself by doing so, our Supreme Court held that the plea agreement became binding and enforceable against the state based on the defendant's pre-plea cooperation with the state. *Id.* ¶¶ 18-19.

{15}    The State here promised to allow Defendant to plead guilty to certain defined charges and to be sentenced as guaranteed by the plea agreement in return for Defendant's pre-plea waiver of his right under the New Mexico Constitution to a preliminary hearing. *See* N.M. Const. art. II, § 14. Defendant was induced by the State's promise to cooperate and to suffer detriment in reliance on the State's promise by waiving his right to a preliminary hearing. Therefore, specific performance of the agreement is the "proper remedy . . . [i]n the interest of fundamental fairness." *King*, 2015-NMSC-030, ¶¶ 17, 19 (citations omitted).

{16}    The State challenges the application of these legal principles on one additional ground. The State claims that Defendant did not detrimentally rely on the plea agreement because the State filed a nolle prosequi, and proceeded with a new criminal information, charging Defendant with a greater offense for the same conduct. Because Defendant would receive a preliminary hearing on the new charge,

the State contends that Defendant "did not suffer any harm from waiving [the preliminary] hearing [on the original charges]." We disagree.

{17}    It is apparent that Defendant suffered some detriment in reasonable reliance on the State's promise of a plea to possession and specific sentence. The arrest on the possession charge contributed to the revocation of Defendant's conditions of release in another case and to his incarceration. Defendant had two pending motions for decision by the metropolitan court contesting probable cause. By waiving his right to a preliminary hearing, Defendant gave up these legal challenges and the constitutionally guaranteed hearing requiring the State to prove that probable cause supported the possession charge. Instead of pursuing his legal challenges, Defendant agreed to be bound over to the district court on felony charges. As the Colorado Supreme Court explained in concluding that waiver of the right to a preliminary hearing constitutes detrimental reliance on a plea agreement, "[t]he practical effect of a defendant's waiver of his right to a preliminary hearing is that he is deemed to have admitted that probable cause exists." *People v. Macrander*, 756 P.2d 356, 362 (Colo. 1988) (en banc). Under these circumstances, we cannot conclude that Defendant did not rely to his detriment on the State's promised plea agreement. We note that the Colorado Supreme Court found that giving up a preliminary hearing is sufficient detrimental reliance by a defendant to require the state to abide by its promised plea agreement even though in Colorado, unlike New Mexico, there is no

constitutional right to a preliminary hearing. *Id.* at 360-61 (holding that "a defendant's detrimental reliance need not implicate constitutional rights"). In New Mexico, of course, a defendant's state constitutional rights are affected, *see* N.M. Const. art. II, § 14, increasing the deprivation.

{18}    We do not agree that the State can escape its obligation to fulfill its promise to Defendant by filing a nolle prosequi. "A nolle prosequi is a dismissal of criminal charges filed by the prosecutor, usually without prejudice." *State v. Ware*, 1993-NMCA-041, ¶ 8, 115 N.M. 339, 850 P.2d 1042. The State has wide discretion to dismiss criminal charges "upon good cause and honest motives." *State v. Ericksen*, 1980-NMCA-029, ¶ 9, 94 N.M. 128, 607 P.2d 666. Where, however, the prosecutor "fails to demonstrate good faith," and instead has "misused [their] discretionary powers to achieve a barred result," the district court acts well within its discretion when it prevents the state from using a nolle prosequi to circumvent its obligations. *Id.* The State offers no authority to the contrary. Therefore, we conclude that the district court did not abuse its discretion in requiring the prosecution to abide by the binding promise it made to Defendant in return for his waiver of his right to a preliminary hearing.

**II.    There Was No Breach of the Agreement Because Defendant Did Not Reasonably Understand That the Agreement Was Contingent on a Deadline for Plea Paperwork**

{19}    The State next claims that even if its plea agreement with Defendant is binding on the State, Defendant breached the agreement by failing to initiate the plea paperwork within thirty days, or at a maximum, forty-five days. The State contends that Defendant's breach of this deadline voided the agreement and relieved the State of its obligation to comply. Defendant responds by claiming that he did not reasonably understand the plea agreement to be contingent on his counsel's strict compliance with the very short timelines provided in two conflicting paragraphs at the end of the agreement. Defendant contends that he left the courtroom after agreeing to the waiver and plea agreement believing that he had fulfilled his part of the agreement by waiving his right to a preliminary hearing and admitting to probable cause, and therefore the State was bound by its plea agreement.

{20}    Since the disagreement here concerns the terms of the plea agreement, our task is to construe the plea agreement. Our Supreme Court has held that fairness to the defendant demands that "appellate courts construe the terms of the plea agreement according to what [the d]efendant reasonably understood when he entered the plea." *State v. Miller*, 2013-NMSC-048, ¶ 9, 314 P.3d 655 (alteration, internal quotation marks, and citation omitted).

{21}    In this case, following the hearing, the district court agreed with Defendant's understanding of the plea agreement, finding that "Defendant left court thinking that he had a plea" and no one entered an appearance on his behalf during the relevant time period to tell him otherwise. The district court found that Defendant's understanding of the plea agreement to be binding, and not to be contingent on his counsel's compliance with the time periods stated in the plea agreement, was reasonable. We agree.

{22}    The waiver and plea agreement at issue here consists of six numbered paragraphs. The title at the top of the document reads, "Waiver of Preliminary Hearing." The document begins by acknowledging Defendant's right to a preliminary hearing, and states that Defendant is agreeing to waive that hearing voluntarily "based on the following." In the first two paragraphs, Defendant agrees to be bound over to district court and to plead guilty to possession of a controlled substance. The next paragraph states that the State agrees to a sentence of eighteen months of supervised probation, that Defendant "must admit [to] one prior felony conviction," and the State "will agree to hold one prior[ conviction] in abeyance" at initial sentencing. Paragraph five, which is the focus of the State's argument, reads as follows:

> Other terms of this agreement: The above offer shall remain open for a period of [thirty] 30 days. The State does not oppose the sentence in this matter running concurrent to any sentence imposed in [another case pending against Defendant].

Paragraph six, found on the next page, states that Defendant agrees that he will remain "bound-over to [the d]istrict [c]ourt even if . . . [the court] . . . rejects the proposed plea agreement," and that "the State will no longer be obligated to the terms of this agreement" if Defendant incurs new charges. The last sentence states,

> This offer will remain open for forty-five (45) calendar days from the filing of this [w]aiver absent an express written decision by the State to extend the deadline.

{23}     We begin by examining the language of the agreement as a whole. The first four paragraphs are straightforward. They set out the terms of a binding plea agreement, specifying a guaranteed sentence as well as a particular charge, and make the State's promise of both the conviction and the sentence contingent on Defendant's waiver of his right to a preliminary hearing and his subsequent plea of guilty in district court.

{24}     Paragraphs five and six, in contrast, confusingly describe the plea agreement, for the first time, as an "offer," a term that is not used anywhere else in the agreement, and they conflict as to the length of the time period they specify. Neither paragraph five nor paragraph six states what Defendant needs to do within thirty, or alternatively, forty-five days. They say only that "the above offer will remain open" for the time period specified. There is no statement of the consequences of missing what the State claims on appeal is a strict deadline. The confusing language of paragraphs five and six concerning the time period contrast with paragraph six's

clear explanation of the consequences of Defendant incurring new charges: "[T]he State will no longer be obligated to the terms of this agreement."

{25} In addition to the confusing language of the agreement on its face, Defendant's counsel in district court explained that no public defender would have allowed a defendant to agree to such unrealistic deadlines for plea paperwork had they understood paragraphs five and six as absolute deadlines. Counsel stated that, in his experience, these time periods had never been treated by the prosecution as mandatory. They were routinely ignored or extended. Counsel explained to the district court the difficulty attorneys were having in meeting with their clients at MDC, where Defendant was in custody. Consulting with Defendant would be the first step in preparing the plea paperwork. Such a meeting could not have been scheduled within the short time period mentioned in paragraphs five and six of the agreement because visiting hours for attorneys had been limited by MDC as a COVID-19 precaution. The problem was so severe that the public defender's office was transporting clients from MDC to the public defender's offices for meetings on plea agreements, and were in the process of making such arrangements for Defendant when they requested the plea paperwork from the State.

{26} Although the State introduced conflicting testimony of the prosecutor in which she claimed that she routinely enforced these deadlines, the district court's finding that Defendant did not reasonably understand at the time he entered into the

plea agreement that it could be voided by a delay in appointing counsel and preparing the legal paperwork is well-supported by both the confusing language of the agreement and the circumstances surrounding the agreement's execution.

{27}   We, therefore, agree with the district court's conclusion that Defendant's understanding of the plea agreement as binding once he waived his constitutional right to a preliminary hearing is reasonable and that he is entitled to enforce the State's promise.

**CONCLUSION**

{28}   For these reasons, we affirm the district court's order granting specific enforcement of the plea agreement.

{29}   **IT IS SO ORDERED.**

_____
**JANE B. YOHALEM, Judge**

**WE CONCUR:**

_____
**MEGAN P. DUFFY, Judge**

_____
**KATHERINE A. WRAY, Judge**